IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELSO COSTELO, *et al.*,

    Plaintiffs,                  No. 2:12-cv-1430 KJM AC PS

   vs.

WELLS FARGO BANK, N.A., *et al.*,     ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court are three motions to dismiss filed by the defendants: the first, filed October 15, 2012, was submitted by Placer Title Company (ECF No. 9); the second, filed October 26, 2012, was submitted by Bank of America N.A., ReconTrust Company, N.S., and Leticia Quintana (ECF No. 16); and the third, filed November 1, 2012, was submitted by Sheena Gordon, OneWest Bank, FSB, Leticia Quintana, Anna Elizabeth Ramsey, Roger Stotts, U.S. Bank Nat'l Assoc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. (ECF No. 21).

        Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o

1

party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Id.

The three motions to dismiss were initially set for hearing before the magistrate judge formerly assigned to this case and, on transfer to the undersigned, were reset for hearing on January 23, 2013. By court order dated January 14, 2013, the hearing on the defendants' motions was continued to February 27, 2013 in light of the plaintiffs' failure to file an opposition. By that order, plaintiffs were directed to file an opposition on or before February 13, 2013 or face dismissal. Plaintiffs have still not filed opposition or otherwise responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending since May 29, 2012 and the motions to dismiss have been pending since October and November 2012 without a hearing and without any response from plaintiffs. Plaintiffs' failure to comply with the Local Rules and the court's January 14, 2013 order suggests that they have abandoned this action. Further expenditure of the court's time would therefore consume scarce judicial resources in addressing litigation which plaintiffs demonstrate no intention to pursue.

The fifth factor also favors dismissal.  The court has advised plaintiffs of the requirements under the Local Rules and granted ample additional time to oppose the pending motions, all to no avail.  The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiffs' failure to oppose the motion, should be given little weight.  Plaintiffs' failure to oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963 F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that the hearing on defendants' motion to dismiss, set for February 27, 2013, is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' October 15, 2012, November 1, 2012 and November 27, 2012 motions to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to

1  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED: February 15, 2013.

                                           ALLISON CLAIRE
                                           UNITED STATES MAGISTRATE JUDGE

/mb;cost1430.46.dm

4